1  LAW OFFICES OF BERNARD R. SCHWAM
   Bernard R. Schwam, Esq. SBN-67452
2  *bschwam@sbcglobal.net*
   16133 Ventura Blvd., Penthouse
3  Encino, CA 91436
   (818) 986-3775, Fax (818) 788-3153
4

5  Attorney for Plaintiff
   MARGOLD CLARK
6

7              **UNITED STATES DISTRICT COURT**

8             **CENTRAL DISTRICT OF CALIFONIA**

9

10 | MARGOLD CLARK,                          | CASE NO.
11 |              Plaintiff,                  | **COMPLAINT FOR:**
12 |
13 |     v.                                   | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974;**
14 | AETNA LIFE INSURANCE COMPANY; UNITED PARCEL SERVICE FLEXIBLE BENEFITS PLAN, | **ENFORCEMENT AND CLARIFICATION OF RIGHTS;**
15 |                                          | **PREJUDGMENT AND POSTJUDGMENT INTEREST; AND**
16 |              Defendants.                 | **ATTORNEYS' FEES AND COSTS**
17
18
19

20     Plaintiff, MARGOLD CLARK (hereinafter referred to as "Plaintiff"), herein
21
22 sets forth the allegations of her Complaint against Defendants Aetna Life Insurance
23 Company ("AETNA") and United Parcel Service Flexible Benefits Plan (the
24 "Plan").:

25              **PRELIMINARY ALLEGATIONS**

26     1.    "Jurisdiction" - This action is brought under 29 U.S.C. §§1132(a), (e)
27 (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereafter
28 "ERISA") as it involves a claim by Plaintiff for employee benefits under an

1    employee benefit plan regulated and governed under ERISA. Jurisdiction is
2    predicated under these Code Sections as well as 28 U.S.C. §1331 as this action
3    involves a federal question. This action is brought for the purpose of recovering
4    benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights
5    under the terms of an employee benefit plan, and to clarify Plaintiff's right to future
6    benefits under the employee benefit plan named as a Defendant. Plaintiff seeks
7    relief, including but not limited to:    payment of benefits, prejudgment and
8    postjudgment interest, and attorneys' fees and costs.

9        2.    Plaintiff was, at all times relevant, an employee of United Parcel
10   Service ("UPS"), and a resident of San Bernardino County, California.

11       3.    Plaintiff is informed and believes that Defendant AETNA is a
12   corporation with its principal place of business in the State of Connecticut,
13   authorized to transact and transacting business in the Central District of California,
14   and can be found in the Central District of California. Plaintiff is informed and
15   believes that AETNA administered the claim, interpreted Plan terms, and issued a
16   claim denial, all while operating under a conflict of interest; and the bias this
17   created adversely affected the claims determination.

18       4.    Plaintiff is informed and believes that UPS acted as Plan
19   Administrator. Plaintiff is informed and believes that AETNA and UPS intended
20   that the subject Plan would result in coverage being provided to residents of the
21   State of California. Plaintiff is informed and believes that the Plan was issued on or
22   before January 1, 2012, and had an annual anniversary date of January 1.

23       5.    Plaintiff is informed and believes that the Plan has remained in effect
24   since its inception, and was issued, renewed or amended on or after January 1,
25   2012.

26       6.    Plaintiff is informed and believes and thereon alleges that the Plan is
27   an employee welfare benefit plan regulated by ERISA, established by UPS, under

28

2

1   which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled
2   to short term disability ("STD") benefits.  Pursuant to the terms and conditions of
3   the Plan, Plaintiff is entitled to STD benefits for a maximum of 26 weeks, for so
4   long as Plaintiff remains disabled as required under the terms of the Plan.  The Plan
5   is doing business in this judicial district, in that it covers employees residing in this
6   judicial district.

7          7.      Defendants can be found in this judicial district and the Defendant
8   Plan is administered in this judicial district.  The STD claim at issue herein was also
9   specifically administered in this judicial district.  Thus, venue is proper in this
10  judicial district pursuant to 29 U.S.C. §1331(e)(2).

## FIRST CLAIM FOR RELIEF
## AGAINST AETNA LIFE INSURANCE COMPANY AND
## UNITED PARCEL SERVICE FLEXIBLE BENEFITS PLAN
## FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION
## OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST,
## AND ATTORNEYS' FEES AND COSTS (29 U.S.C. 28 § 1132(a)(1)(B))

          8.      Plaintiff incorporates by reference all preceding paragraphs as though
fully set forth herein.

          9.      At all times relevant, Plaintiff was employed by UPS, and was a
covered participant under the terms and conditions of the Plan.

          10.     During the course of Plaintiff's employment, Plaintiff became entitled
to benefits under the terms and conditions of the Plan.  Specifically, while Plaintiff
was covered under the Plan, Plaintiff suffered a disability rendering Plaintiff
disabled as defined under the terms of the Plan. and ceased working on or about
March 7, 2016.

          11.     Pursuant to the terms of the Plan, Plaintiff made a claim to AETNA for
STD benefits under the Plan.  Plaintiff's claim was originally approved by AETNA

3

1  and STD benefits were paid until May 10, 2016. However, effective February 15,
2  2016, AETNA determined that Plaintiff no longer met the Plan definition of a
3  totally disabled individual, and terminated her benefits. Plaintiff subsequently
4  submitted two timely appeals of the termination of her benefits. Despite
5  overwhelming evidence of a covered STD claim, by letter dated February 15, 2017,
6  AETNA erroneously and wrongfully upheld its prior determination denying
7  Plaintiff's claim for STD benefits. Defendants breached the Plan and violated
8  ERISA in the following respects:

9     (a)    They failed to pay LTD benefit payments to Plaintiff at a time when
10 Defendants knew, or should have known, that Plaintiff was entitled to those
11 benefits under the terms of the Plan, as Plaintiff was disabled and unable to work
12 and therefore entitled to benefits. Even though Defendants had such knowledge,
13 they denied Plaintiff's STD benefits;

14    (b)    They failed to provide a prompt and reasonable explanation of the
15 basis relied on under the terms of the Plan documents, in relation to the applicable
16 facts and Plan provisions, for the effective denial of Plaintiff's claims for STD
17 benefits;

18    (c)    After Plaintiff's claim was effectively denied, AETNA failed to
19 adequately describe to Plaintiff any additional material or information necessary for
20 Plaintiff to perfect her claim along with an explanation of why such material is or
21 was necessary especially related to filing a claim for long term disability benefits;
22 and

23    (d)    They failed to properly and adequately investigate the merits of
24 Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's
25 claim.

26    12.    Plaintiff is informed and believes and thereon alleges that Defendants
27 wrongfully denied her disability benefits under the Plan by other acts or omissions
28

1   of which Plaintiff is presently unaware, but which may be discovered in this future

2   litigation and which Plaintiff will immediately make Defendants aware of once said

3   acts or omissions are discovered by Plaintiff.

4       13.    Following the denial of benefits under the Plan, Plaintiff exhausted all

5   administrative remedies required under ERISA, and Plaintiff has performed all

6   duties and obligations on Plaintiff's part to be performed under the Plan.

7       14.    As a proximate result of the aforementioned wrongful conduct of

8   Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be

9   shown at the time of trial.

10      15.    As a further direct and proximate result of this improper determination

11  regarding Plaintiff's STD claim, Plaintiff in pursuing this action has been required

12  to incur attorneys' costs and fees,  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is

13  entitled to have such fees and costs paid by Defendants.

14      16.    The wrongful conduct of Defendants has created uncertainty where

15  none should exist, therefore Plaintiff is entitled to enforce her rights under the terms

16  of the Plan and to clarify her right to future benefits under the terms of the Plan.

17  ## REQUEST FOR RELIEF

18  **WHEREFORE,** Plaintiff  prays for relief against Defendants as follows:

19  1.    Payment of disability benefits due Plaintiff;

20  2.    An order declaring that Plaintiff is entitled to immediate reinstatement

21  to the Plan. with all ancillary benefits to which she is entitled by virtue of her

22  disability, and that benefits are to continue to be paid under the Plan for so long as

23  Plaintiff remains disabled under the terms of the Plan;

24  3.    In the alternative to the relief sought in paragraphs 1 and 2, an order

25  remanding Plaintiff's claim to the claims administrator to the extent any new facts

26  or submissions are to be considered;

27

28

1    4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys'
2  fees incurred in pursuing this action;

3    5.    Payment of prejudgment and postjudgment interest as allowed for
4  under ERISA; and

5    6.    Such other and further relief as this Court deems reasonable and just.

6

7  DATED: August 14, 2017        LAW OFFICE OF BERNARD R. SCHWAM

8                               By: /s/ Bernard R. Schwam
9                                   BERNARD R. SCHWAM
                                    ATTORNEY FOR PLAINTIFF
10                                  MARGOLD CLARK

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY, ETC.